E-FILED
Tuesday, 25 April, 2017  03:30:17 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS – PEORIA DIVISION

| | | |
|---|---|---|
| CHERYL L. GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMANDED |
| JOHN B. KELLER, D.D.S., | ) | |
| d/b/a ACCENT FAMILY DENTISTRY, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT and DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, CHERYL L. GILES, by her attorneys, BLAN LAW OFFICES, P.C., and DOYLE LAW TEAM, P.C., and complaining of Defendant JOHN B. KELLER, D.D.S., d/b/a ACCENT FAMILY DENTISTRY, and demanding trial by jury, shows as follows:

### JURISDICTIONAL FACTS

1.     Plaintiff is a citizen of the State of Oregon.

2.     Defendant is and at all relevant times has been a citizen of the State of Illinois.

3.     The conduct in question was committed at and within McLean County, Illinois.

4.     Jurisdiction of this cause is founded upon 28 U.S.C.A. 1332, in that the amount in controversy exceeds $75,000 exclusive of interest and costs.

### OPERATIVE FACTS

5.      Defendant John B. Keller was at all material times a dentist licensed to practice dentistry in the State of Illinois, and practicing as a general dentist at and within McLean County, Illinois.

6.      Plaintiff came under the care of Defendant beginning on September 18, 2015, for treatment of an abscessed tooth, and was seen and again treated by Defendant on October 26, 2015, for complications arising from the initial treatment of the infected tooth.

7.      In providing care to Plaintiff as aforesaid, it was at all times the duty of Defendant to act as would a reasonably careful medical practitioner in similar cases and circumstances.

8.      In violation of that duty, Defendant committed one or more of the following negligent acts or omissions:

      A.      Chose to undertake a procedure he was not competent to perform;

      B.      Drilled through the apex of Tooth # 31;

      C.      Failed to recognize that he had drilled through the apex of Tooth # 31;

      D.      Placed excessive sealant into and through the root canal;

      E.      Failed to promptly refer for specialized care.

9.      As a direct and proximate result of the conduct aforesaid, Plaintiff experienced a severe and permanent injury to her inferior alveolar nerve, has and will in the future experienced extreme pain and suffering and been compromised in her ability to function both in the normal affairs of life and also in her profession as a Nurse Practitioner, and has otherwise been impaired in her ability to enjoy a normal life.

WHEREFORE, Plaintiff prays damages in such sum in excess of $75,000 as the jury may determine, together with her costs of suit.

CHERYL L. GILES, Plaintiff

By: BLAN LAW OFFICES, P.C.

By: /s/ Kennith W. Blan Jr.

Kennith W. Blan, Jr.
ARDC # 0223972

and

By:  DOYLE LAW TEAM, P.C.

By: /s/ Richard J. Doyle

Richard J. Doyle
ARDC # 0672556

and

By: /s/ Mark A. Lehman

Mark A. Lehman
ARDC # 6243347

Kennith W. Blan, Jr.
Blan Law Offices, P.C.
1022 N. Vermilion
P.O. Box 1995
Danville IL  61834-1995
Telephone:          217.443.5400
Fax:                     217-443-5155
e-mail:      ken@blanlaw.com

and

Richard J. Doyle
Mark A. Lehman
Doyle Law Team
1022 N. Vermilion
P.O.Box 974
Danville IL  61834-0974
Telephone:          217-446-3844
Fax:                     217-446-1734
e-mail:      rjdoyle@doylelawteam.com
e-mail:      malehman@doylelawteam.com

**2-622 AFFIDAVIT**

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF VERMILION        )

COMES NOW Affiant, pursuant to §2-622(a)(1) of the Illinois Practice Act, and being first duly sworn on oath, states as follows:

1.     That Affiant has reviewed the facts of this case with a physician practicing or teaching in the same areas of medicine as the defendant and has consulted with the reviewing professional regarding relevant issues involved in this case.

2.     That the consulting professional is knowledgeable in the relevant issues of this particular case, as evidenced by the report attached hereto as Exhibit A.

3.     That the reviewing professional practices or has practiced within the last six years or teaches or has taught within the last six years in the same areas of health care or medicine that are at issue in this case.

4.     That the reviewing professional is qualified by experience or demonstrated competence in the subject of the case, and that he has determined in a written report, after review of the medical records and other pertinent material, that there is a reasonable and meritorious cause for the filing of this Complaint.

5.     That Affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this case.

6.     That the report of the reviewing health care practitioner is attached hereto as Exhibit A.

FURTHER THE AFFIANT SAYETH NOT.

_____
Kennith W. Blan, Jr.

Subscribed and sworn to before me this _25th_ day of _April_, 2017.

_____
Notary Public

# EXHIBIT A

# CERTIFICATE OF MERIT WITH RESPECT TO:

### JOHN B. KELLER, D.D.S.
### ACCENT FAMILY DENTISTRY

I.     I am a general dentist.

II.    I am licensed to practice dentistry in the State of Illinois.

III.   I have reviewed the chart and x-rays from Dr. Keller/Accent Family Dentistry concerning his care and treatment of Cheryl Giles on 9/18/2015, 10/26/2015, and 10/29/2015.

IV.    I have also reviewed the charts of subsequent care providers, to-wit:  Stephen M. Doran, D.M.D., and Mark J. Steinberg, D.D.S., M.D.

V.     I am familiar by training and experience with the issues involved in this case.

VI.    Dr. Keller violated the standard of care of a reasonably well qualified general dentist performing an endodontic procedure (in this case a root canal) in the following respects:

      A.     Chose to undertake a procedure he appears not to have been competent to perform;

      B.     Drilled through the apex of Tooth # 31;

      C.     Failed to recognize that he had drilled through the apex of Tooth # 31;

      D.     Placed excessive sealant into and through the root canal;

      E.     Failed to promptly refer for specialized care.

VII.   These failures by Dr. Keller caused permanent and irreversible injury to the inferior alveolar nerve, and loss of an otherwise viable tooth.

VII.  There is a reasonable and meritorious basis for bringing a dental negligence cause of action in this case against Dr. Keller and his practice.

<u>Identity withheld as authorized by Statute</u>

Date: _____